# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| JAMES COON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV1814 HEA |
| | ) | |
| MEDTRONIC, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. The motion will be granted. Additionally, the Court has reviewed the complaint and has determined that venue does not lie in this District.

Plaintiff, a New York resident, brings this action under 28 U.S.C. § 1332 against two corporations operating under the name "Medtronic" in Minnesota and Tennessee. The allegations center around an incident that took place in New York, in which plaintiff alleges that a car drove into his home and injured him. Following the accident, plaintiff alleges that he was treated by various doctors in various medical facilities in New York, and was infused with some of defendants' products via surgery. He claims to have suffered further injuries as a result of defendants' products.

In a diversity action, the action may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no

district in which the action may otherwise be brought. 28 U.S.C. § 1391(a). None of the requirements of § 1391(a) are present in this case. As a result, venue does not lie in this District.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Court finds that dismissal, rather than transfer, is appropriate in this action. As a result, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED**.

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 10th day of November, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE